UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WARREN E. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 02-1694 (PLF) |
| DONALD C. WINTER,[1] | ) | |
| Secretary, | ) | |
| United States Department of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendant's objection to Magistrate Judge John M. Facciola's Report and Recommendation on defendant's motion for summary judgment. Upon consideration of the Report and Recommendation, defendant's objection, plaintiff's response to the objection, defendant's motion for summary judgment, the opposition thereto, and the entire record in this case, this Court adopts in part and rejects in part the report and recommendation, and denies the defendant's motion for summary judgment in its entirety.

I.  BACKGROUND

Plaintiff has brought suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(c). Specifically, he claims that he was discriminated against

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Navy Secretary Donald C. Winter has been substituted for former Secretary Gordon R. England.

because of his race, and retaliated against after engaging in protected activities.  After the close of discovery, defendant filed a motion for summary judgment.

On April 24, 2006, this Court referred defendant's motion for summary judgment to Magistrate Judge John M. Facciola for a report and recommendation pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.  Magistrate Judge Facciola issued his Report and Recommendation on August 28, 2006, recommending that the defendant's motion be denied in part, and denied in part without prejudice with the opportunity to provide further briefing on the issue of retaliation in light of the Supreme Court's decision in Burlington N. & Santa Fe Ry. Co., 126 S.Ct. 2405 (2006).  The defendant thereafter filed an objection, to which the plaintiff replied.  When a party files written objections to any part of the magistrate judge's recommendation with respect to a dispositive motion, the Court considers *de novo* those portions of the recommendation to which objections have been made, and "may accept, reject, or modify the recommended decision[.]"  FED.R. CIV.P. 72(b).

## II.  DISCUSSION

### A.  Discrimination Claim

The relevant facts of this case concerning plaintiff's claim of racial discrimination are set forth in the Report and Recommendation. The Court agrees with Magistrate Judge Facciola's analysis and his conclusion that genuine issues of material fact remain with respect to plaintiff's discrimination claim.  Defendant is not entitled to judgment as a matter of law, and his motion for summary judgment therefore must be denied with respect to that claim.

*B.  Retaliation Claim*

Magistrate Judge Facciola has recommended that the Court deny without prejudice defendant's motion for summary judgment with respect to plaintiff's retaliation claim, subject to further briefing by both parties in light of the Supreme Court's recent decision in Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405 (2006).  The Court rejects this recommendation as unnecessary for two reasons.  First, the Supreme Court's unanimous decision in Burlington Northern expressly upheld this Circuit's (and the Seventh Circuit's) articulated standard for determining if retaliation has occurred under Title VII.  126 S.Ct. at 2415.  Second, the parties had the opportunity to provide their views on this issue and did so in the form of plaintiff's notice of additional authority, filed on July 10, 2006, and defendant's response to that notice, filed on August 4, 2006.  The Court does not require any further briefing from the parties on this issue.

Plaintiff Robinson alleges and has provided affidavits, deposition testimony, and documentary evidence in support of his claim that defendant took a variety of retaliatory actions taken against him, including denial of overtime, assignment to menial tasks, denial of a cartridge for a respirator used to prevent inhalation of noxious fumes on the job, and delaying the scheduling of his annual physical examination.  See Complaint ¶ 16; Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl's Opp.") at 27-37; Plaintiff's Statement of Material Facts As To Which There Is A Genuine Dispute ¶¶ 3-11.  Defendant argues both that plaintiff has failed to establish a *prima facie* case that the adverse retaliatory actions he alleges are materially adverse as required under the law and that, even if he has, defendant has articulated a legitimate, non-retaliatory reason for those actions.  See Defendant's Motion for

Summary Judgment at 33-38; Defendant's Statement of Material Facts Not In Dispute ("Def's State. Mat. Facts") ¶¶ 25-33.  The Court rejects both of defendant's arguments.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  A fact is "material" if a dispute over it might "affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255; see also Washington Post Co. v. Dep't of Health and Human Servs., 865 F. 2d 320, 325 (D.C. Cir. 1989).

The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial.  FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in his favor.  Laningham v. U.S. Navy, 813 F. 2d 1236, 1242 (D.C. Cir. 1987).  If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.

To succeed on a claim of retalation under Title VII, a plaintiff must show that (1) he engaged in a statutorily protected activity, and (2) "a reasonable employee would have

found the challenged action materially adverse, 'which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."'" Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. at 2415 (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006) (quoting Washington v. Illinois Dept. of Revenue, 420 F.3d 658, 662 (7th Cir. 2005))) The issue of whether a particular employment action was "materially adverse" generally is fact-intensive and "depends upon the circumstances of the particular case, and 'should be judged from the perspective of a reasonable person in the plaintiff's position, considering "all the circumstances."'" Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. at 2417 (quoting Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 81 (1998)). In Burlington Northern, the particular employment actions taken by the employer that the Supreme Court held the jury could reasonably have found to be "materially adverse" were a reassignment of duties that fell within the same job description, and a 37-day suspension without pay, after which the employee was eventually reinstated with backpay. Id. at 2417-18. The Court specifically held that with respect to reassignment:

> Common sense suggests that one good way to discourage an employee . . . from bringing discrimination charges would be to insist that []he spend more time performing the more arduous duties and less time performing those that are easier or more agreeable.

Id. at 2416. Plaintiff's allegations, supported by deposition testimony, affidavits and documentary evidence, establish a *prima facie* case for retaliation under the standard articulated by this Circuit and adopted by the Supreme Court.

Defendant also argues that he has articulated unrefuted non-retaliatory reasons for the various retaliatory actions that plaintiff alleges. Defendant's statement of facts and asserted

5

reasons for the various actions, supported by the testimony of defendant's witnesses, however, are in fact disputed by plaintiff and his witnesses in almost every instance. For example, plaintiff swears in an affidavit provided in support of his opposition to the motion for summary judgment that he requested and was denied a cartridge for a respirator that would prevent him from inhaling harmful vapors. Pl's Opp. at Exhibit 1, Affidavit of Warren Robinson ¶ 14. Defendant provides the deposition testimony of a supervisor who maintains the plaintiff did not request such a cartridge. Def's State. Mat. Facts ¶ 31 (citing Attachment 10, Lehman Deposition at p. 60). This is but one example of the factual disputes that exist on the record before the Court that are appropriately resolved by a factfinder who can take into account factors such as witness credibility. The Court simply cannot resolve plaintiff's retaliation claim on the basis of the conflicting evidence that leaves so many genuine issues of material fact.

### III.  CONCLUSION

Reviewing *de novo* Magistrate Judge Facciola's Report and Recommendation, the briefs filed by the parties, and the entire record in this case, the Court agrees with, accepts, and adopts the recommendation to deny defendant's motion for summary judgment with respect to plaintiff's claim of discrimination. The Court does not, however, agree with the recommendation to deny without prejudice defendant's motion for summary judgment with respect to plaintiff's claim of retaliation, subject to further briefing. Defendant's motion for summary judgment is denied with respect to plaintiff's claim of retaliation because genuine issues of material fact remain.

Accordingly, it is hereby

ORDERED that the Report and Recommendation of Magistrate Judge Facciola [39] is ADOPTED in part and REJECTED in part; and it is

FURTHER ORDERED that defendant's motion for summary judgment [31] is DENIED; and it is

FURTHER ORDERED that a status conference is scheduled for November 16, 2006 at 10 a.m. to address the possibility of settlement with the assistance of either the Court's Alternative Dispute Resolution program or a magistrate judge, and pretrial and trial matters.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  October 25, 2006